**Theodore E. PILLOW, Appellee,**

v.

**IOWA DEPARTMENT OF HUMAN SERVICES, Appellant.**

**No. 93–1135.**

Supreme Court of Iowa.

Sept. 21, 1994.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Sp. Asst. Atty. Gen., and Kathrine S. Miller–Todd, Asst. Atty. Gen., for appellant.

James E. Shipman and Mark A. Roberts of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and TERNUS, JJ.

HARRIS, Justice.

The question here is whether the petitioner, the director of a treatment center for sexual abuse victims, can be regarded as a child abuser in a central state registry by reason of violating administrative regulations. The district court ordered his name expunged from the registry, a ruling we find to be correct.

In 1990 petitioner Theodore Pillow was the director of a sexual abuse treatment and reorganization program at Four Oaks, a facility in Linn County. S.B., a minor who was a participant in the program, was placed in the "control room" after becoming aggressive in a meeting. The control room is eight by ten feet in size with an observation window in one wall. S.B. attempted suicide after being placed there. Pillow consulted with the program psychologist, who, because S.B. had attempted suicide by using the drawstring from his hooded sweatshirt, recommended that his clothes be removed. This was done during the first fifteen hours of confinement. Program personnel checked on S.B. every fifteen minutes prior to the suicide attempt and at five minute intervals thereafter. S.B. was evaluated by the psychologist after about twenty-four hours, and the confinement was continued.

With the exception of trips to the shower and bathroom, S.B. spent forty-two hours in the room. During this confinement Pillow consulted repeatedly about S.B. with his immediate supervisor and the program psychologist. After S.B.'s release, the program's psychologist evaluated him and concluded that confinement was to his benefit.

Treatment facility licensing regulations relating to the use of control rooms prohibit removing all of a child's clothing. See 441 Iowa Admin.Code 115.7(4)(e). Administrative rules governing facilities such as Four Oaks set twenty-four hours as the maximum control room confinement period. 441 Iowa Admin.Code 115.7(4)(g). The same administrative rule limits the maximum time in the room to twelve hours unless a psychiatrist approves a longer stay. Id. There was no psychiatric review in S.B.'s case.

I. Noting Pillow's failure to comply with these rules, the respondent department of human services found Pillow had committed child abuse. This, it is contended, was in compliance with statute and administrative rule. The department notes "child abuse" means:

> The failure on the part of a person responsible for the care of a child to provide for

the adequate food, shelter, clothing or other care necessary for the child's health and welfare....

Iowa Code § 232.68(2)(c) (1993). "Care" is defined as "care which if not provided would constitute a denial of critical care." 441 Iowa Admin.Code 175.1. "Denial of critical care" is defined by administrative rule ·as:

A failure by the person responsible for care of the child to provide for proper supervision of the child.

441 Iowa Admin.Code 175.1. "Proper supervision" means:

[T]hat supervision which a reasonable and prudent person would exercise under similar facts and circumstances, but in no event shall the person place a child in a situation that may endanger the child's life or health, *or cruelly or unduly confine the child.*

*Id.* (emphasis added).

The upshot of finding abuse was to place Pillow's name as a child abuser on the central registry. By statutory fiat the department of human services maintains a central registry of child abuse information. Iowa Code § 235A.14. Child abuse information collected there is available only to authorized persons. Iowa Code § 235A.15. Pillow brought this administrative proceeding to have his name expunged in accordance with Iowa Code section 235A.18, which calls for expungement of information qualifying as inappropriate. Pillow failed in his attempt at agency level but prevailed in district court on judicial review.

II. The parties dispute whether the child benefited or was harmed by the violations, and both presented impressive expert testimony to support the conflicting views. From the record it appears that experts debate whether S.B.'s seclusion at Four Oaks was psychologically preferable to other options. It is a debate that courts are not equipped to resolve. We only observe that the rules were adopted by authority granted in Iowa Code section 237.3. It is neither for us, nor for Pillow, to countermand them.

It is however quite another thing to conclude that their violation amounts to child abuse. It is a grievous thing for any person,

perhaps especially for a professional care provider such as Pillow, to be stamped as a child abuser. We freely concede, as the department argues, that it can also be a most grievous thing for providers to ignore department regulations, especially in such a crucial and sensitive matter. But the crucial importance of the regulations cannot serve to justify their arbitrary and capricious application.

Under Iowa Code section 17A.19(8)(g), the courts may alter an agency determination where its action is "[u]nreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion." We think the department violated this standard when it looked to regulations promulgated under Iowa Code chapter 237 and deemed their violation to automatically amount to child abuse. Chapter 237 has its own adequate sanctions, but makes no mention of stamping a person as a child abuser. *See* Iowa Code § 237.5(2). The appropriate remedy would be license revocation or suspension. It was arbitrary and capricious to take the additional—most extraordinary—step of registering Pillow as a child abuser. The trial court was correct in so holding.

**AFFIRMED.**